# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:07CR00014 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **JOANN MULKEY**, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; JoAnn Mulkey, Pro Se Defendant.*

The defendant, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2008). Upon review of the record, I find that the motion must be denied.

I

Facing a multi-count Indictment, defendant JoAnn Mulkey pleaded guilty pursuant to a written Plea Agreement, to one count of possession of a firearm in furtherance of a drug trafficking offense, in violation of 21 U.S.C.A. § 924(c) (West 2000 & Supp. 2008). As clearly stated in her Plea Agreement, this charge carries a

mandatory minimum sentence of five years in prison.[1] Pursuant to the revised and final Plea Agreement, the government dismissed all other counts against Mulkey.[2]

The Plea Agreement states, "I am pleading guilty as described above because I am in fact guilty and because I believe it is in my best interest to do so and not because of any threats or promises." In Paragraph 4 of the agreement, Mulkey agreed that she "will not seek a sentence outside of the Guidelines' range." The agreement also includes waivers of Mulkey's right to appeal and her right to collaterally attack the judgment, her sentence, or the forfeiture judgment in this case, pursuant to § 2255. Paragraph 10 reads:

> I have discussed the terms of the foregoing plea agreement and all matters pertaining to the charges against me with my attorney and am fully satisfied with my attorney and my attorney's advice. At this time, I have no dissatisfaction or complaint with my attorney's representation. I agree to make known to the Court no later than at the time of sentencing any dissatisfaction or complaint I may have with my attorney's representation.

---

[1] While a typewritten draft of the agreement also stated that Mulkey was pleading guilty to Count Five, which charged her with conspiracy to distribute cocaine, and that "the maximum statutory penalty for Count Five is imprisonment for a term of twenty years and a fine of $1,000,000," that portion was crossed out in the final version presented to the court and initialed by counsel.

[2] Mulkey was also charged with a second instance of possession of a firearm in furtherance of a drug trafficking offense (Count Two) which would have carried a consecutive mandatory minimum sentence of twenty-five years. *See* 18 U.S.C.A. 924(c)(1)(C). She was also charged with specific instances of possession with intent to distribute, as well as conspiracy. All in all, she faced a maximum sentence of life imprisonment, and a mandatory minimum sentence of thirty years.

Before accepting Mulkey's guilty plea pursuant to the agreement, I questioned her carefully to ensure that she was entering a knowing and voluntary plea. In my preliminary instructions to Mulkey, I stated: "If you need for me to repeat any of my questions, please say so, or if you need to talk to your lawyer at any time, please say so." (Plea Tr. 2, Sept. 27, 2007.) I advised her that failing to answer my questions truthfully could result in a prosecution for perjury, and she affirmed that she understood. She stated that she was thirty-nine years old and had completed the twelfth grade in school. She stated that in 1993, she had been shot and, in 1996, had a nervous breakdown that resulted in her hospitalization for mental health treatment and ultimately, in the determination that she was disabled based on her mental health problems.

Mulkey had been evaluated and found competent to stand trial in this case in August 2007. Asked about her current health at the change of plea hearing, she stated that she was receiving mental health counseling and medication for depression, as well as medication for ulcers and an inhaler for asthma. She stated that she had taken some prescription Tylenol III with codeine for back pain the night before the plea hearing, but she denied that the medication affected her ability to understand what was happening in the court proceeding. She denied being under the influence of alcohol.

I asked Mulkey, "Have you had an adequate opportunity to discuss the indictment and your case in general with your lawyer?" She answered, "Yes, sir." (*Id.* 6.) When shown a copy of the executed Plea Agreement, she affirmed that she had signed the document and initialed each page to show that she had read the document. I asked her, "Did you have an adequate opportunity to read and discuss the plea agreement with your lawyer before you signed it?" She answered, "Yes, sir." (*Id.*)

The Assistant United States Attorney then summarized the terms of the Plea Agreement. Mulkey affirmed that she understood its terms. I specifically asked her if she understood that she was waiving her right to appeal and her right to collaterally attack her conviction or sentence, and she affirmed that she understood.[3] I asked, "Has anyone made any promise to you other than those made in the plea agreement that caused you to want to plead guilty?" She answered, "No, sir." (*Id.* 9.) I asked, "Has anyone attempted in anyway to force you to plead guilty?" She answered, "No, sir." (*Id.*) I reviewed with Mulkey the specific rights she was waiving through her guilty plea and the mandatory five-year sentence for the offense to which she was pleading, and she indicted that she understood. I asked, "Do you understand that your

---

[3] The government does not argue that this case should be dismissed based on the Plea Agreement's waiver of rights.

- 4 -

sentence may be different from any estimate that your lawyer may have given you?" She answered, "Yes, sir." (*Id.* 12.) I advised her that if she went to trial on the § 924(c) charge, the government would have to prove that she "either as a principal or as an aider and abettor . . . . knew that [she] had a firearm, and that the possession . . . . helped further or advance the drug trafficking crime." (*Id.* 14.) I asked Mulkey, "Are you pleading guilty because you are, in fact, guilty of this charge?" She answered, "Yes, sir."

The AUSA summarized the facts that the government would be prepared to prove if the case went to trial, which were that in October and November of 2006, Mulkey and her co-defendant, David Samuel Bullins, were involved in a conspiracy to distribute cocaine in Wythe County, Virginia. On October 30, 2006, Bullins and Mulkey sold cocaine to a confidential informant working with state law enforcement authorities. During this drug transaction, Bullins "possessed and displayed a Taurus .45 caliber pistol" and during the transaction and later, on November 6, 2006, "Bullins discussed . . . that that firearm could be used to kill people and was also possessed for protection purposes." (*Id.* 15.) Mulkey indicated that she did not "dispute or contest any of those facts." (*Id.* 15-16.) At the end of the colloquy, I asked Mulkey whether she had any questions for me or if she needed to talk to her attorney, and she answered, "No sir." (*Id.* 16.)

- 5 -

Case 1:07-cr-00014-JPJ-mfu   Document 107   Filed 07/10/09   Page 5 of 10   Pageid#: 286

Mulkey entered her plea of guilty to Count One, and I found that she was "fully competent and capable" and that her guilty plea was knowing and voluntary and "supported by an independent basis in fact as to each of the essential elements of the offense." (*Id.*) On December 17, 2007, I sentenced Mulkey to the mandatory minimum sentence of sixty months. She did not appeal.

Mulkey filed a § 2255 motion on June 13, 2008, but failed to make any statement of her claims for relief. The court filed the motion conditionally, stayed the case, and gave her an opportunity to submit a statement of her claims. She failed to do so within the time allotted for her response, so I dismissed her § 2255 motion without prejudice. *United States v. Mulkey*, Case No. 1:07CR00014 (W.D. Va. Sept. 14, 2008).

In December of 2008, Mulkey filed the present § 2255 motion. Mulkey specifically states that she is not challenging the sufficiency of the court's plea hearing. Nor is she seeking to vacate the guilty plea and stand trial on all her charges. Rather, she simply alleges that counsel failed to help her understand fully what the consequences of her guilty plea would be and led her to believe that she would get a lesser sentence if she pleaded guilty. As relief in this action, she asks the court to "grant relief and correct sentence."

II

To state a claim for relief under § 2255, a federal defendant must prove that one of the following occurred: (1) Her sentence was "imposed in violation of the Constitution or laws of the United States"; (2) The "court was without jurisdiction to impose such sentence"; or (3) The "sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C.A § 2255(a). In a § 2255 motion, the defendant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir.1958).

A guilty plea does not bar collateral review of allegations of ineffective assistance of counsel in so far as the alleged ineffectiveness bears on the voluntariness of the guilty plea. *See Hill v. Lockhart*, 474 U.S. 52, 53-59 (1985). To prove that counsel's representation was so defective as to require reversal of the conviction or sentence, a defendant must meet a two-prong standard, showing that counsel's defective performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). When the defendant alleges that counsel's error led him to enter an invalid guilty plea, he can show prejudice only by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58-59. The prejudice

standard is objective, "without regard for the idiosyncrasies of the particular decisionmaker." *Id.* at 59-60 (internal quotations and citation omitted). If it is clear that the defendant has not satisfied one prong of the *Strickland/Hill* test, the court need not inquire whether he has satisfied the other prong. *Strickland*, 466 U.S. at 697.

In evaluating ineffective assistance of counsel claims presented after entry of a guilty plea, the defendant's statements made under oath at the plea hearing, affirming satisfaction with counsel's representation, are binding on the defendant, absent clear and convincing evidence to the contrary. *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005);

> [I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.

*Lemaster*, 403 F.3d at 221-22. If the court determines that the defendant's allegations, viewed against the record of the Rule 11 plea hearing, are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a hearing. *Id.* at 220 (internal quotations and citations omitted).

III

Applying these principles, I find that Mulkey is not entitled to relief under § 2255. First, Mulkey's allegations about counsel's conduct are conclusory, unsupported by specific factual allegations about what he should have done differently. In response, the government has submitted her attorney's affidavit, providing a detailed account of his representation of Mulkey and explanations for the strategic decisions involved. Mulkey has not responded to the Motion to Dismiss or offered any specific allegation or evidence in contradiction of counsel's affidavit. In light of the serious charges pending against her.

Second, Mulkey's allegations in this § 2255 motion directly contradict the provisions of the Plea Agreement and the transcript of the plea colloquy. In open court, Mulkey affirmed that she understood her opportunity to speak with counsel at any time during the hearing about anything that she did not understand. Consistently, she indicated that she had had adequate time to discuss everything with counsel, was satisfied with his representation, and understood the agreement, its terms and waivers, the elements of the offense to which she was pleading, the evidence against her, and the way the sentence would be determined. The agreement also advised her clearly of the benefits she garnered under its provisions, including dismissal of all of the other counts.

Third, and most important, Mulkey does not show prejudice under *Hill*. Nowhere does she demonstrate a reasonable probability that absent counsel's supposed shortcomings, a reasonable defendant in her position would have insisted on pleading not guilty and proceeding to trial. Because this is the prejudice standard she must meet in order to establish her constitutional claims of ineffective assistance, her claims fail.

IV

For these reasons, I will grant the government's Motion to Dismiss and deny the § 2255 motion.

A separate Final Order will be entered herewith.

ENTER: July 10, 2009

/s/ JAMES P. JONES
Chief United States District Judge